42706. WILLIAM L. THOMAS COMPANY et al. v.
v. KRETSOS et al.

ARGUED APRIL 3, 1967—DECIDED APRIL 13, 1967.

J. *Richmond Garland, M. T. Hartman, III,* for appellants.
*Arnold Shulman, Robert C. Boozer,* for appellees.

FELTON, Chief Judge. The court did not err in directing a verdict for the defendants and in entering a judgment thereon against the plaintiff for the costs. (1) The evidence showed that the defendants did not agree among themselves upon what basis a sale would be made. One of the defendants owned 50% of the stock in Round Table Restaurants, Inc., one owned 33 1/3% and the other 16 2/3%. No decision was made as to whether the defendants would sell their stock, whether the corporation would sell the assets or whether the stockholders would sell their respective shares in the assets. (2) The evidence showed that Round Table Restaurants, Inc., had a lease on the property on which the restaurant did business, not transferable

without the consent of the landlord and that the purchasers required a new lease on the property before they would purchase the stock or assets to be sold. There was no new lease acquired or arranged for. (3) Round Table Restaurants, Inc., owed a bank a note for about $200,000 which the defendants personally indorsed and one condition of a sale was that the purchasers would assume this debt and procure the releases from the obligations of the individual sellers. No agreement for such release was ever agreed on by the bank as it was dependent upon the financial statements of the two proposed purchasers, which were never furnished to the bank. From what is stated above it appears that the terms of sale were uncertain as to the exact property to be sold and whether the individual defendants or the corporation were to be the sellers. It also appears that one of the conditions made by the prospective purchasers was not met, that of a new lease on the restaurant premises. It further appears that one of the conditions of the prospective sellers was not met, that of their individual releases from their obligations to pay the note of the corporation to the bank. In view of the above facts, no valid sale of the stock or assets could be consummated, because the conditions of the sale made by the sellers and purchasers were not fulfilled. It follows that the defendants could not be obligated to pay a commission on a sale lacking in the essentials necessary for a contract which would have effectuated the intention and agreements of the parties. The court correctly directed a verdict for the defendants and entered judgment against the plaintiff. *Code* § 4-213.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*